IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DOROTHY ROSSUM, | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO.  6:14cv604 |
| | § | |
| v. | § | JUDGE |
| | § | |
| KILGORE COLLEGE | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Come now Plaintiff Dorothy Rossum, who for her original complaint states as follows:

**I**

**Preliminary Statement**

1.      Plaintiff Dorothy Rossum commences this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), which in relevant part prohibits discrimination in employment based upon an employee's race. Plaintiff additionally brings this action pursuant to the Equal Protection Clause of Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983.

2.      Plaintiff Rossum is an African-American vocational nurse instructor for Kilgore College at the Longview Center. Plaintiff Rossum was given a bogus list of complaints regarding her work. Her assignment was taken away from her and given to a white instructor. In short, Plaintiff Rossum was given the option to quit or be fired. The real reason for Plaintiff Rossum's termination was her race, African-American.

3. Plaintiff brings this cause of action to vindicate her rights guaranteed by Title VII and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff seeks the full measure of available relief, including equitable, declaratory, injunctive and compensatory remedies, and statutory attorney's fees and costs.

## II

## Jurisdiction

4. This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 42 U.S.C. § 2000e-5(f) (3).

5. Jurisdiction over Plaintiff's claim for which redress is provided by 42 U.S.C. §1983 is conferred on this Court by 28 U.S.C. §1343(a)(3).

6. This Court has jurisdiction over all of Plaintiff's claims pursuant to 28 U.S.C. § 1331, which creates original jurisdiction for this Court over all civil actions arising under the Constitution, laws, or treaties of the United States.

## III

## Parties

Plaintiff

7. Plaintiff Dorothy Rossum is and was at all times relevant hereto a citizen of the United States and a resident of Gregg County, Texas.

Defendant

8. Defendant Kilgore College is a public institution located in Gregg County, Texas, within the Eastern District of Texas, Tyler Division.

## IV

## **Procedural History**

9.      Plaintiff timely filed A Charge of Discrimination with the Equal Employment Opportunity Commission and Texas Workforce Commission – Civil Rights Division.  Plaintiff received her Notice of Right to Sue from U.S Department of Justice on or about April 21, 2014.  All other procedural prerequisites for filing suit have been met.

## V

## **Facts**

10.     Plaintiff is an African-American female.

11.     Plaintiff was at all times relevant hereto an employee of Defendant Kilgore College's Longview Center and is therefore entitled to the protections of Title VII and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

12.     Defendant Kilgore College employs more than 20 employees and is subject to the prohibitions against discrimination in Title VII and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

13.     At all times relevant hereto, Plaintiff was a competent, qualified and conscientious employee.

14.     Plaintiff was a vocational nurse instructor at Defendant Kilgore College's Longview Center for approximately six years.  She was the only African-American nursing instructor at the Longview Center.

15.     On or about June 12, 2013, Plaintiff Rossum was called in to the Clinical Director's office.  Complaints of unprofessionalism and favoritism were made against her.  Later, Plaintiff

Rossum was given a list of concerns regarding her instruction.  The specific allegations were all either inaccurate or consisted of actions that were common among the white instructors.

16. Plaintiff Rossum's assignment was taken away and given to a white instructor.  She was given the option only to quit or be fired.

17. In that she had no position in which to continue and had not other viable option, Plaintiff Rossum turned in her letter of resignation on June 27, 2013.

18. The real reason for Plaintiff Rossum's termination is her race, African-American.

19. Defendant's conduct, complained of above, including actions and omissions, proximately caused Plaintiff to suffer mental, emotional and psychological damages, as well as lost pay, including fringe benefits.

20. All of Defendant's wrongful acts and omissions as set out above were wanton, willful, malicious, and done in conscious disregard of and with deliberate indifference to the rights and needs of Plaintiff.

<u>Defendant Kilgore College</u>

21. Defendant Kilgore College's treatment of Plaintiff, as set out above, was in compliance with Defendant's deficient actual policies, procedures, practices, and customs which tolerated the violation of constitutional and statutory rights.

22. The deficient actual policies, procedures, practices and customs relating to the violation of Plaintiff's rights set out above were caused by and amount to the conscious disregard of and deliberate indifference to the rights of Plaintiff.

23. Finally, Defendant's deficient actual policies, procedures, practices and customs are a producing and proximate cause of Plaintiff's damages.

## VI

### Jury Demand

24. Plaintiff demands a trial by jury on all issues so triable.

## VII

### Causes of Action

25. Defendant Kilgore College's acts and omissions as set out above constitute violations of Title VII of the Civil Rights Act of 1964, as amended.

26. Defendant Kilgore College's acts and omissions as set out above constitute violations of Plaintiff's Fourteenth Amendment rights to Equal Protection.

## VIII

### Prayer for Relief

27. WHEREFORE PLAINTIFF PRAYS THAT THIS HONORABLE COURT:

a. Enter declaratory judgment against Defendant Kilgore College and in favor of Plaintiff recognizing that Defendant has violated Plaintiff's rights guaranteed by Title VII and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

b. Enter an injunction ordering Defendant Kilgore College to grant Plaintiff equal rights, including appropriate back pay and/or front pay, as necessary;

c. Enter judgment against Defendant Kilgore College in favor of Plaintiff for full compensatory damages, as well as appropriate back pay and front pay, if necessary;

d. Enter an award against Defendant Kilgore College in favor of Plaintiff to pay Plaintiff's reasonable attorney's fees and costs, pursuant to Title VII and 42 U.S.C. § 1988;

e. Grant Plaintiff a trial by jury; and

f. Grant Plaintiff any and all additional relief to which they may be entitled.

Respectfully Submitted,

*/s/ Alex A. Castetter*
Alex A. Castetter
Attorney for Plaintiff Rossum
Bar Card No. 00783808

Stuckey, Garrigan & Castetter Law Offices
2803 C North Street / P.O. Box 631902
Nacogdoches, Texas 75963-1902
(936) 560-6020 / Fax: 560-9578
Alex@sgclaw.org